**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

November 22, 2005

Trustee John S. Lovald
Post Office Box 66
Pierre, South Dakota  57501

Jesse J. Ronning, Esq.
Counsel for Debtor
316 Fourth Street
Post Office Box 524
Brookings, South Dakota  57006-0524

    Subject:  *In re Melvin J. Pekarek*,
                  Chapter 7, Bankr. No. 04-41043

Dear Trustee and Counsel:

    The matter before the Court is Trustee John S. Lovald's Motion for Turnover of Property and Debtor's response thereto. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, Trustee Lovald's Motion will be held in abeyance pending an appropriate adversary.

    *Summary.* Melvin J. Pekarek ("Debtor") filed a Chapter 7 petition in bankruptcy on August 9, 2004. Among his assets on the petition date were alfalfa and corn. Debtor estimated the value of these crops was $3,000.00, and he declared them exempt at "$3,000 (Estimate)." No objection to this claimed exemption was filed.

    On August 3, 2005, Trustee Lovald filed a Motion for Turnover of Property. He sought from Debtor $5,476.15 in proceeds from the pre-petition crops, less Debtor's claimed exemptions and certain expenses for drying, test weights, taxes, and land rent which Debtor had already paid from the crop proceeds. Debtor objected to the Motion. He acknowledged he had received crop proceeds of $14,510.25 from the corn and alfalfa and one government subsidy check related to these crops. He argued, however, that Trustee Lovald's Motion failed to account for additional expenses for combining labor ($1,675.00), additional rent ($3,020.00), seed ($1,000.00), and chemicals ($3,392.17). He said when all the expenses - those acknowledged by Trustee and the additional ones

In re Melvin J. Pekarek
November 22, 2005
Page 2


Debtor identified -- left net proceeds of only $1,064.23, which was within his $3,000.00 exemption.

The parties agreed to submit the matter to the Court on stipulated facts and briefs. In addition to the facts stated above, the parties stipulated Debtor had paid the following crop-related bills post-petition:

    Marol Hanson
    September 17, 2004
    rent: $1,000.00

    Doug Joycox
    November 2, 2004
    seed: $1,000.00

    Madison Farm Elevator
    November 5, 2005
    fertilizer (May 4, 2004, bill): $3,392.17

    Marol Hanson
    November 5, 2005
    rent: $3,500.00

    Bill Wettlaufer
    November 7, 2005
    combining corn: $1,675.00

    Marol Hanson
    November 22, 2004
    rent: $1,020.00

The parties further stipulated none of these creditors had a perfected security interest in the crops or the government payment. Trustee Lovald conceded the post-petition payment to Bill Wettlaufer was necessary to harvest the crops.

In his brief, Trustee Lovald stated Debtor had paid $11,587.17 in expenses he (Trustee Lovald) had not authorized. While Trustee Lovald conceded the harvesting expense set forth in Debtor's objection and the elevator expenses delineated in his Motion were necessary, he argued Debtor did not have the discretion or authority to decide which other crop-related bills to pay. Trustee Lovald further argued these transfers were avoidable under § 549.

In his brief, Trustee Lovald stated he had erroneously

In re Melvin J. Pekarek
November 22, 2005
Page 3

included in his turnover motion as an allowable expense one post-petition rent payment for $2,500. He said this sum actually should be excluded and Debtor should be ordered to turnover net crop proceeds of $5,476.15.

In his brief, Debtor said he only paid reasonable and necessary expenses. He stated it was "customary and an industry standard" for his crop-related creditors to expect payment after the harvest. Debtor also argued an agister's lien and a seed seller's lien should be recognized under the "spirit of the law," although these creditors had failed to record their interests.

*Discussion.* The only known estate asset in this case is the crop proceeds of $14,510.25 ($13,410.25 from harvested crops plus $1,100.00 from a government payment). From this sum, administrative expense claims must be paid first. Those known expenses to date, related to the crops, are:

```
$2,186.89  post-petition land rent[1]
 1,202.40  corn drying
   429.17  corn drying
   121.44  test weight discount
    35.00  test weight discount
    70.84  corn tax
 1,675.00  harvest labor
$5,720.74  total harvest expenses
```

Trustee Lovald's trustee's commission and expenses and his attorney's fees and costs also will have to paid as administrative expenses. From the remaining funds, Debtor's 2003 federal income taxes of $2,600 will have to be paid as a priority claim to the I.R.S. Finally, all general unsecured creditors holding pre-petition claims can be paid *pro rata*. Unless other estate assets are discovered, however, it is unlikely all unsecured claim holders

---

[1] In order to harvest the 2004 crops, the bankruptcy estate needed to continue its lease on the land. These post-petition lease payments would be an administrative expense payable to landlord Marol Hanson. When the annual rent payment ($5,520.00) is divided by the number of days in 2004 (366), the daily rent rate was $15.081967. Thus, Hanson's pre-petition unsecured claim for rent is $3,333.11 (through August 8, 2004, or 221 days x daily rent rate) and his post-petition administrative expense claim for rent is $2,186.89 (August 9 through December 31, 2004, or 145 days x daily rent rate).

In re Melvin J. Pekarek
November 22, 2005
Page 4

will be paid in full.

Ideally, all the crop proceeds should have been turned over to Trustee Lovald. From the proceeds, he could have then paid the administrative expenses, the priority claim of the IRS, and the general unsecured claims. That did not happen. Instead, unsecured pre-petition claims for rent, seed, and chemicals were paid by Debtor ahead of other unsecured claims of higher or equal priority as established by 11 U.S.C. §§ 503(b) and 507(a).

The Court finds both parties contributed to the unauthorized payment of certain pre-petition claims from the crop proceeds. Most likely, the parties did not effectively communicate on which crop-related expenses could be paid, when they should be paid, and who should pay them. Consequently, the Court is hesitant to place the burden solely on Debtor to replenish the estate, especially when Trustee Lovald can use his powers under 11 U.S.C. §§ 549(a) and 550 to seek a recovery of these funds from the creditors who were prematurely paid. Accordingly, the most equitable remedy is for Trustee Lovald to seek recovery from Marol Hanson (pre-petition rent), Doug Joycox (seed), and Madison Farm Elevator (fertilizer bill of May 4, 2004) of the premature payments that were made to them on their unsecured, pre-petition claims.[2] If the Trustee is unable to recover from the creditors, then he will need to decide whether to pursue further action against Debtor. Once the prematurely paid sums are recovered, the funds may be redistributed in the manner prescribed by §§ 503(b) and 507(a).

This motion will be held in abeyance 60 days pending resolution of an adversary proceeding by Trustee Lovald under §§ 549(a) and 550.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

NOV 22 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____ 𝒟𝓂

INH:sh

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

NOV 22 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

CC: case file (docket original; serve parties in interest)

---

[2] The Court takes no position at this time on whether any of these creditors meet the good faith exception at 11 U.S.C. § 550(b).

Melvin J Pekarek
316 2nd St NE
Pipestone, MN 56164